UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL STEPHEN LEVINSON,

    Plaintiff,

v.                                                        Case No: 8:11-CV-2839-T-27EAJ

WEDU-TV, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the court are pro se Plaintiff's **Application to Proceed Without Prepaying Fees or Costs** (Dkt. 2) and **Affidavit of Indigency** (Dkt. 3), which the court construes as a motion for leave to proceed in forma pauperis.[1]

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

Rule 12(b)(6), Fed. R. Civ. P., governs the dismissal of complaints under § 1915(e)(2)(B)(ii) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

---

[1] The District Judge has referred the motion to the undersigned (Dkt. 2).

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Although the Rules require no technical form for pleading, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).  In addition to construing the complaint in the light most favorable to the plaintiff, the court should construe the complaint more liberally in a pro se action.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted).

Without regard to Plaintiff's indigency, Plaintiff's complaint is subject to dismissal because it fails to comply with the Federal Rules of Civil Procedure and is frivolous.  Plaintiff's 518-page complaint (not counting exhibits) appears to allege, inter alia, that he was denied equal access to broadcasting stations as a putative candidate for President of the United States.  Plaintiff's complaint is "a quintessential 'shotgun' pleading replete with factual allegations and rambling legal conclusions." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008) (per curiam) (unpublished).  As such, the complaint does not contain a short and plain statement showing that Plaintiff is entitled to relief, nor are the allegations simple, concise, and direct.  Although complaints are construed more liberally in pro se actions, Plaintiff is subject to the same law and rules of court as a litigant represented by counsel, including the Federal Rules of Civil Procedure.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's motion to proceed in forma pauperis (Dkt. 2) be **DENIED WITHOUT PREJUDICE**;

(2) Plaintiff be granted an opportunity to file an amended complaint that invokes this

court's jurisdiction and states a claim or claims over which this court has jurisdiction; and

(3) Plaintiff's failure to timely file an amended complaint result in dismissal of this matter. See Local Rule 3.10(a), M.D. Fla.

**Date: December 29, 2011**

ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Plaintiff
District Judge

3