UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL STEPHEN LEVINSON,**

    **Plaintiff,**

v.                                           Case No: 8:11-CV-2839-T-27EAJ

**WEDU-TV, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the court is pro se Plaintiff's **Amended Petition to Proceed In Forma Pauperis** (Dkt. 22).[1]

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

Rule 12(b)(6), Fed. R. Civ. P., governs the dismissal of complaints under § 1915(e)(2)(B)(ii) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid

---

[1] The District Judge referred the motion to the undersigned (Dkt. 22). Plaintiff filed his original complaint in December 2011 along with an application to proceed in forma pauperis. Adopting my report and recommendation, the District Judge denied Plaintiff's motion and dismissed the complaint (Dkt. 8). Plaintiff subsequently filed an amended complaint with an amended application to proceed in forma pauperis.

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although the Rules require no technical form for pleading, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). In addition to construing the complaint in the light most favorable to the plaintiff, the court should construe the complaint more liberally in a pro se action. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted).

Without regard to Plaintiff's indigency, Plaintiff's complaint is subject to dismissal because it fails to comply with the Federal Rules of Civil Procedure. Plaintiff's 263-page amended complaint (not counting exhibits) is "a quintessential 'shotgun' pleading replete with factual allegations and rambling legal conclusions." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008) (per curiam) (unpublished). As such, the complaint does not contain a short and plain statement showing that Plaintiff is entitled to relief, nor are the allegations simple, concise, and direct. Although complaints are construed more liberally in pro se actions, Plaintiff is subject to the same law and rules of court as a litigant represented by counsel, including the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Plaintiff's complaint is also subject to dismissal because it is frivolous. Plaintiff alleges that Defendants violated his First Amendment rights by denying him access to their broadcasting stations as a candidate for President of the United States. However, the First Amendment does not operate to restrain the actions of the private broadcasters named in the complaint. See Belluso v. Turner

Commc'ns Corp., 633 F.2d 393, 400 (5th Cir. 1980).[2] Furthermore, the First Amendment generally does not compel public broadcasters to allow third parties access to their programming, and Plaintiff has not sufficiently pleaded that his claim falls under an exception to this rule. See Ark. Educ. Television Comm'n v. Forbes, 523 U.S. 666, 675-76 (1998).

Plaintiff also appears to allege that Defendants violated 47 U.S.C. § 315(a) by not providing him equal access to their broadcasting stations. But the court has no jurisdiction to review this claim as § 315(a) does not provide a private cause of action. See Belluso, 633 F.2d at 397. The proper course for raising a claim under § 315(a) is to file a complaint with the FCC, and Plaintiff has not alleged that he exhausted his administrative remedies before filing the present action. See Schneller v. WCAU Channel 10, 413 F. App'x 424, 426-27 (3d Cir. 2011) (per curiam) (unpublished) (citation omitted).

Finally, Plaintiff named the FCC as a Defendant, but Plaintiff fails to assert factual allegations giving rise to a plausible claim for relief against the FCC. Plaintiff's allegations relating to the FCC stem from an October 1980 reply letter written by the FCC in response to Plaintiff's complaints that certain television stations in New York unreasonably denied his access requests. In re Complaint of Michael Stephen Levinson Against Television Station Licensees, 87 F.C.C.2d 433 (1980). At best, Plaintiff's allegations against the FCC assert a time-barred claim. Civil actions against the United States are subject to a general six year limitations period. See 28 U.S.C. § 2401(a).

## **Conclusion**

---

[2] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981).

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's **Amended Petition to Proceed In Forma Pauperis** (Dkt. 22) be **DENIED**; and

(2) Plaintiff's amended complaint be dismissed without prejudice.

**Date: March 14, 2012**

ELIZABETH A JENKINS
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Plaintiff
District Judge