UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL STEPHEN LEVINSON,

    Plaintiff,

vs.                                                     Case No. 8:11-cv-2839-JDW-EAJ

WEDU-TV, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Magistrate Judge's Report and Recommendation (Dkt. 23) which recommends that Plaintiff's amended motion for leave to proceed *in forma pauperis* (Dkt. 22) be denied. Plaintiff has filed objections (Dkt. 31). After careful consideration of the Report and Recommendation and Plaintiff's objections, in conjunction with an independent review of the file, the Report and Recommendation is adopted, confirmed, and approved in all respects.

As Plaintiff explained in his objections, the primary claim in this action is that the 2001 amendment to 47 U.S.C. § 312(a)(7) is unconstitutional. Specifically, Plaintiff contends that the 2001 amendment impinges on his First Amendment rights because it removed the FCC's authority to revoke the licenses of public broadcast stations that have denied him the right to deliver broadcast speeches related to his candidacy for President of the United States. As the Magistrate noted, the First Amendment does not compel public broadcast stations to grant Plaintiff access to their programming.[1] R&R at 3 (citing *Ark. Educ. Television Comm'n v. Forbes*, 523 U.S. 666, 675 (1998); *see also Michael Stephen Levinson v. New Hampshire Pub. Television*, No. 11–cv–589–PB, 2012

---

[1] While the Supreme Court has recognized an exception for state-sponsored debates, *Forbes*, 523 U.S. at 675-76, Plaintiff expressly stated that he "does not and did not seek to share another entities [sic] platform or program or to appear in any debate involving other candidates, unless invited." Dkt. 31 at 20 of 24, ¶ 44.

WL 359720 (D.N.H. Jan. 9, 2012), *adopted*, 2012 WL 359718 (D.N.H. Feb. 2, 2012). It therefore follows that the 2001 amendment to 47 U.S.C. § 312(a)(7) is not an unconstitutional infringement on Plaintiff's rights under the First Amendment.[2]

Plaintiff's remaining claims that various public and private broadcast stations violated his First Amendment rights and/or 47 U.S.C. § 315(a) are rejected for the reasons stated by the Magistrate. To the extent Plaintiff argues that he should be excused from pursuing his § 315(a) claim before the FCC on grounds of futility, his argument is unpersuasive. "[B]are allegations of futility are no substitute for the 'clear and positive' showing of futility required before suspending the exhaustion requirement." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1330 (11th Cir. 2006) (quotation omitted). All Plaintiff has offered is an assertion on "information and belief" that the FCC will rule against him. Dkt. 31 at 8 of 24, ¶ 9. While he argues in his objection that "[a]ll complainants over the past thirty years have failed to qualify for 315(a) equal opportunities," he has not offered any facts to support such a sweeping conclusion or to show that he is similarly-situated to the prior complainants. *Id.* In any event, the concept of futility in the Eleventh Circuit appears to focus on the inability of the litigant to present a claim for administrative review, rather than the probable outcome of the administrative review process. *Cf. Mason, III v. Cont'l Grp., Inc.*, 763 F.2d 1219, 1224 (11th Cir. 1985) ("The test for 'futility' is not . . . whether the employees' claims would succeed, but whether the employees could have availed themselves of the grievance procedure."). Even if the FCC failed to respond to his prior complaints, as Plaintiff contends, this would not excuse the requirement to pursue his § 315(a) claim before the FCC. *See M.T.V. v. DeKalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1159 n.4 (11th Cir. 2006). Under the circumstances, the FCC should have

---

[2] Although Plaintiff requests to amend his pleadings to state that exhaustion of remedies does not apply "because the commission does not have jurisdiction over the laws upon the Act of Congress amending 312(a)(7)," Dkt. 31 at 21 of 24, ¶ 47, the amendment would be futile as exhaustion is not the reason that Plaintiff's challenge to the constitutionality of § 312(a)(7) is subject to dismissal.

a full opportunity to exercise its own expertise in determining Plaintiff's claim under § 315(a).³

In addition to Plaintiff's failure to state a claim on which relief can be granted, this action is subject to dismissal on account of Plaintiff's willful failure to comply with the order denying his initial motion for leave to proceed *in forma pauperis*. His initial complaint contained some 518 pages of rambling, repetitive and often immaterial allegations. Although Plaintiff was granted leave to amend, he was warned not to file a shotgun pleading and was directed to file a short and plain statement of his claim, as required by Rule 8(a). Notwithstanding these pleading instructions, Plaintiff made no effort to comply. He filed a 263 page amended complaint (not counting exhibits) which failed to provide a short and plain statement of his claim and, again, was replete with immaterial allegations and rambling legal conclusions. Under the circumstances, Plaintiff's failure to comply with the Court's order is deemed willful.⁴ And on this record, any sanction short of dismissal would be ineffective. Therefore, this action is properly dismissed as a sanction for Plaintiff's willful failure to comply with the Court's pleading instructions. *See Schmitt v. U.S. Office of Personnel Mgmt.*, 403 F. App'x 460 (11th Cir. 2010).

Accordingly, Plaintiff's objections (Dkt. 31) are overruled. The Report and Recommendation (Dkt. 23) is adopted, confirmed, and approved in all respects and is made part of this order for all purposes, including appellate review.

(1) Plaintiff's amended motion for leave to proceed *in forma pauperis* (Dkt. 22) is DENIED, and the amended complaint (Dkt. 17) is DISMISSED without prejudice.

(2) This action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and, further, as

---

³ To the extent Plaintiff seeks judicial review of any FCC determination related to his § 315(a) claim, this Court lacks subject matter jurisdiction, as "[e]xclusive jurisdiction for review of final FCC orders . . . lies in the Court of Appeals." *FCC v. ITT World Commc'ns, Inc.*, 466 U.S. 463, 468 (1984); 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a).

⁴ Plaintiff appears to represent that he "cut back" his amended complaint to 263 pages because he "cannot afford to produce ten copies of a 500 page complaint which may be required upon appeal, otherwise they would still be part of [the] Addendum." Dkt. 31 at 23 of 24, ¶ 54.

a sanction for Plaintiff's willful failure to comply with the Court's order. The clerk is directed to CLOSE the file.

    (3)    All pending motions are DENIED as moot.

**DONE AND ORDERED** this 4th day of April, 2012.

                                    JAMES D. WHITTEMORE
                                    United States District Judge

Copies to:
Unrepresented parties.